IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Scott Bowen, | ) | C/A No. 2:05-442-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Disc Radiologists, PA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I. Background

On January 18, 2005, plaintiff Scott Bowen ("plaintiff") brought suit against defendant Disc Radiologists, PA ("defendant") in the Charleston County Court of Common Pleas, under various state law causes of action including wrongful retention of wages and breach of contract. On February 11, 2005, defendant removed the case to this court arguing that it is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and that, therefore, the court has federal question jurisdiction under 28 U.S.C. § 1331. On March 30, 2005, plaintiff moved for default judgment against defendant, citing defendant's failure to answer or otherwise respond to the complaint. On April 18, 2005, defendant opposed plaintiff's motion. The court now issues its ruling.

### II. Analysis

Initially, the court notes that no default has been entered against defendant. Plaintiff filed an affidavit with his motion but has sought judgment in the first instance rather than entry of default. Such a scenario is not the norm as contemplated by the federal rules of civil procedure because the structure assumes entry of default before a motion for judgment. But as the court finds that defendant would have been entitled to relief from entry of default, it

also finds that defendant should not be subject to default judgment, thus the end result is a denial of plaintiff's motion regardless of the unusual posture of the case.

Federal Rule of Civil Procedure 55(c) provides "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). Furthermore, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). In addition, the court considers "the personal responsibility of the defaulting party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (citing United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982)). The Fourth Circuit has previously emphasized that it is clearly the policy of the federal rules to encourage, whenever possible, the disposition of claims on their merits. See Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). It has also noted that, given such a policy, Rule 55(c) should be "liberally construed in order to provide relief from the onerous consequences of defaults . . . ." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) (citations omitted). Finally, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Id. (citation omitted).

Defendant was prompt in responding to plaintiff's motion. Plaintiff's motion was not correctly docketed until April 7, 2005,[1] and defendant responded on the seventh business day after that, April 18, 2005. Defendant has also alleged a meritorious defense. "[A]ll that is

---

[1] As the entire federal court system is adjusting to electronic filing, the court expresses no criticism regarding plaintiff's previous attempts to file his motion electronically, which began on March 30, 2005.

necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727 (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974). Defendant submits that the reason it never formally responded to plaintiff's complaint is that it sought to resolve this case through discussions with plaintiff's attorneys about the similarities of precedent that could provide defendant with an absolute defense. In addition to the above factors, defense counsel has submitted that the delay stemmed from a mis-communication between himself and plaintiff's counsel and thus resulted from no fault of either party. Plaintiff has made no allegation that he would be unfairly prejudiced were this court to deny his motion for default judgment. Neither has plaintiff cited any history of dilatory action on the part of defendant.

In short, all of the relevant factors weigh in favor of denying plaintiff's motion for default judgment against defendant and allowing defendant to respond to the allegations against it on the merits of the case.

## IV.   Conclusion

It is therefore, **ORDERED**, for the foregoing reasons, that plaintiff's motion for default judgment is **DENIED** and defendant will be allowed to respond to the allegations against it on the merits.

**AND IT IS SO ORDERED**.

s/ David C. Norton
_____
**David C. Norton**
**United States District Judge**

**May 20, 2005**
**Charleston, South Carolina**

3